Frank C. Gilmore, Esq. (SBN 283859)
Lindsay L. Liddell, Esq. (SBN 315878)
**ROBISON, SHARP, SULLIVAN & BRUST**
71 Washington Street
Reno, Nevada 89503
Telephone:   (775) 329-3151
Facsimile:   (775) 329-7169
E: fgilmore@rssblaw.com
   lliddell@rssblaw.com

*Attorneys for Defendants Kathleen A. Bruner,*
*Robert Bruner*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUX EAP, LLC, a Wyoming Limited Liability Company, | Case No.: 5:17-cv-1359 |
| Plaintiff, | **KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| KATHLEEN A. BRUNER, ROBERT BRUNER, ROBERT BURKE, COMMUNITY ACTION EMPLOYEE ASSISTANCE PROGRAM, INC., a Non-Profit California corporation, and JOHN/JANE DOES 1-10, | |
| Defendants. | Date:  July 27, 2018 |
| | Time:  3:00 p.m. |
| KATHLEEN A. BRUNER, ROBERT BRUNER, | Courtroom:  8C, 8th Floor |
| Counterclaimants, | Judge:  Hon. Dolly M. Gee |
| vs. | |
| LUX EAP, LLC, a Wyoming Limited Liability Company, PHIL NEUMAN, COLIN C. CONNER II, JOHN GORZYNSKI, and and JOHN/JANE DOES 1-10 inclusive, | |
| Counterdefendants. | |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
Page | 1

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

Defendants Kathleen A. Bruner and Robert Bruner ("Bruners") respectfully submit the following Statement of Uncontroverted Facts and Conclusions of Law pursuant to Local Rule 56-1 in support of Kathleen A. Bruner and Robert Bruner's Motion for Partial Summary Judgment.

## I.   STATEMENT OF UNCONTROVERTED FACTS

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1.  The Bruners founded CAEAP in 1990, and were the only members and managers from 1990 until 2016. | Declaration of Kathleen A. Bruner in Support of Motion for Partial Summary Judgment, May 31, 2018 ("Kathleen Bruner Dec.") ¶ 2-3; Declaration of Robert Bruner in Support of Motion for Partial Summary Judgment ("Robert Bruner Dec.") ¶ 2-3. |
| 2.  CAEAP provided Employee Assistance Programs (EAP)s and Substance Abuse Professionals (SAP) services throughout the United States and in Canada. | Kathleen Bruner Dec. ¶ 4; Robert Bruner Dec. ¶ 4. |

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| 3.  CAEAP generated revenues by contracting with companies and municipalities provide employees with various services, including face-to-face assessments, referrals to ongoing resources, wellness events, employee seminars, management training and consultation, work-life services, and crisis interventions. | Kathleen Bruner Dec. ¶ 5; Robert Bruner Dec. ¶ 5. |
| 4.  CAEAP provided clients with utilization reports, but those reports did not affect revenue. | Declaration of Lindsay L. Liddell, Esq. ("Liddell Dec."), Exhibit 1, Kathleen A. Bruner and Robert Bruner's First Set of Requests for Admission to Lux EAP, LLC ("RFA"), Request No. 1; Kathleen Bruner Dec. ¶ 7-8; Robert Bruner Dec. ¶ 7-8. |
| 5. In early 2016, the Bruners became acquainted with the men who would later | Kathleen Bruner Dec. ¶ 9; Robert Bruner Dec. ¶ 9. |

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| form Lux. | |
| 6. Lux drafted four contracts to effectuate a transfer of CAEAP management from the Bruners to Lux: the Management Agreement; two Consulting Agreements for each of the Bruners; and the Lease Amendment (the "Agreements"). | RFA Request No. 3; Kathleen Bruner Dec. ¶ 10, 13-15; Robert Bruner Dec. ¶ 10. |
| 7. The Agreements form the basis for the entire transaction between the parties. | Kathleen Bruner Dec. ¶ 11, 13-15; Robert Bruner Dec. ¶ 11 |
| 8. In the Management Agreement, CAEAP appointed Lux as its manager effective May 1, 2016. | Kathleen Bruner Dec. Ex. 1; Kathleen Bruner Dec. ¶ 18; Robert Bruner Dec. ¶ 14. |
| 9.  The Management Agreement provided for a term of 5 years that could not be terminated. | Kathleen Bruner Dec. Ex. 1 at 2; Kathleen Bruner Dec. ¶ 16; Robert Bruner Dec. ¶ 13. |
| 10.  In the Management Agreement, Lux agreed to manage CAEAP in exchange for a monthly fee. | Kathleen Bruner Dec. Ex. 1. |
| 11.  In the Consulting Agreements, Lux | Kathleen Bruner Dec. Ex. 2. |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| hired the Bruners to assist Lux with CAEAP management for 5 years, in exchange for a monthly fee. | |
| 12.  The Bruners held intimate knowledge of CAEAP operations that was crucial for any CAEAP manager. | Kathleen Bruner Dec. ¶ 17; Robert Bruner Dec. ¶ 14. |
| 13.  As incoming managers, Lux needed and required the Bruners' specialized and intimate knowledge of CAEAP. | Kathleen Bruner Dec. ¶ 17; Robert Bruner Dec. ¶ 14. |
| 14.  The Consulting Agreements each had five-year terms that could not be terminated, similar to the term of the Management Agreement. | Kathleen Bruner Dec. Ex. 1 at 2; Kathleen Bruner Dec. Ex. 2; |
| 15.  As of May 2016, Lux was the new CAEAP manager and the Bruners' were consultants, tasked to assist Lux with their transition in accordance with the Agreements. | Kathleen Bruner Dec. ¶ 18; Robert Bruner Dec. ¶ 14. |
| 16.  CAEAP had contracts with numerous | Kathleen Bruner Dec. ¶ 6; Robert |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| employers, who in exchange for CAEAP's services, paid a flat fee for the contract period. | Bruner Dec. ¶ 6. |
| 17.  Part of CAEAP's role to its clients (the employers) was to provide quarterly utilization reports showing how many of the client's employees were using CAEAP services, and what type of services the client's employees used. | Kathleen Bruner Dec. ¶ 7; Robert Bruner Dec. ¶ 7. |
| 18.  The Bruners assisted Lux in compiling data and preparing utilization reports. | Kathleen Bruner Dec. ¶ 19; Robert Bruner Dec. ¶ 15. |
| 19.  The Bruners assisted Lux in the contract renewal process. | Kathleen Bruner Dec. ¶ 20; Robert Bruner Dec. ¶ 16. |
| 20.  Between April 30, 2017 and May 3, 2017, Lux's attorney sent the Bruners a series of letters accusing the Bruners of fraud. | Kathleen Bruner Dec. ¶ 21; Robert Bruner Dec. ¶ 17. |
| 21.  In May 2017, Lux sent an email to all CAEAP clients that CAEAP was closing | RFA Request No. 10. |

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| operations due to "interference and false statements" by the Bruners. | |
| 22.  Lux admitted to sending the May 2017 email. | RFA Request No. 10. |
| 23.  Lux did not make a demand to the CAEAP board related to the alleged breach of fiduciary duties or alleged fraudulent utilization reports, nor did it allege futility of demand. | RFA Request No. 14; RFA Request No. 15 |
| 24.  The Bruners served Requests for Admission to Lux on April 4, 2018. | Liddell Dec. ¶ 3. |
| 25.  Lux's answers were due by May 4, 2017, 30 days after service. | Liddell Dec. ¶ 4. |
| 26.  Lux failed to timely respond to the Requests for Admission. | Liddell Dec. ¶ 5. |
| 27.  Lux admitted that the Bruners made no agreement, handshake or otherwise, to *sell* CAEAP. | RFA Request No. 2. |
| 28.  Lux drafted the Consulting | RFA Request No. 3; Kathleen |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| Agreements. | Bruner Dec. ¶ 10, 13-15; Robert Bruner Dec. ¶ 10. |
| 29.  Lux bargained for a five-year term, which matched Lux's five-year termed Management Agreement. | Kathleen Bruner Dec. ¶ 16; Robert Bruner Dec. ¶ 13. |
| 30.  The Bruners' representations regarding CAEAP revenue were not false. | Kathleen Bruner Dec. ¶ 12; Robert Bruner Dec. ¶ 12. |
| 31.  Lux admitted that CAEAP utilization reports had no bearing on CAEAP revenue. | RFA Request No. 1. |

## II.   CONCLUSIONS OF LAW

| **Conclusion of Law** | **Support** |
|---|---|
| 1.   A party is entitled to summary judgment when there is no genuine issue of any material fact. | FRCP 56(a). |
| 2.   A party may move for partial summary judgment as to a portion of a claim for relief. | *Campion v. Old Republic Home Protection Co., Inc.*, 861 S.Supp.2d 1139, 1147 (S.D. Cal. 2012). |

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| 3. To defeat this Motion, Plaintiff "may not rely on denials in the pleadings, but must product specific evidence, through affidavits or admissible discovery material, to show that a dispute exists." | *Bhan v. NMA Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). |
| 4. A genuine dispute of material fact exists when "a reasonable fact-finder could return a verdict for the non-moving party." | *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F.Supp.2d 1013, 1020–21 (C.D. Cal. 2011). |
| 5. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported summary judgment motion." | *United States v. Mohalla*, 545 F.Supp.2d 1035, 1040 (C.D. Cal. 2008). |
| 6. Summary Judgment is a proper mechanism for adjudicating questions of law. | *In re Comark*, 971 F.2d 322, 324 (9th Cir. 1992). |
| 7. Contract interpretation is a question of law. | *Citizens Utilities Co. v. Wheeler*, 156 Cal.App.2d 423, 432 (1957). |
| 8. A Motion for Summary Judgment can be founded on facts deemed admitted due | *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651 (2d Cir. 1983). |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| to a party's failure to timely respond. | |
| 9.  Unless a different time is set by a Court Order or by written stipulation, responses to Requests for Admission are due within 30 days after the requests were served. | FRCP 36(a). |
| 10.  Failure to timely respond to Requests for Admission results in an automatic admission of the matters requested. | *Federal Trade Comm. V. Medicor LLC*, 111 F.Supp.2d 1048, 1053 (C.D. Cal. 2002). |
| 11.  Admissions made through Requests for Admission are binding and cannot be explained away or contradicted by other evidence. | *In re Carney*, 258 F.3d 415, 421 (5th Cir. 2001). |
| 12.  Admissions made by a party's failure to timely respond are binding, same as express admissions. | *United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987). |
| 13.  It is well established that "failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of the case." | *In re Carney*, 258 F.3d at 42. |

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| 14. On summary judgment, the opposing party by its "failure to make timely response to (movant's) requests for admission, is deemed to have admitted the truth of the matters contained therein;" further, "these admissions may serve as a basis for the Court's consideration and determination of (movant's) motion for summary judgment." | *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663, 668 (N.D. Va. 1975). |
| 15. Under California law, a valid contract exists where there are: "1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause of consideration." | Cal. Civ. Code § 1550. |
| 16. For a breach of contract claim, there must first be a valid contract. | *Richman v. Hartley*, 224 Ca. App.4th 1182, 1186 (2014). |
| 17. The legal effect and meaning of an agreement between two parties is a question of law for the Court. | *Citizens Utilities Co. v. Wheeler*, 156 Cal.App.2d 423, 432 (1957). |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
Page | 11

| | |
|---|---|
| 18.  Whether a contract is contrary to public policy is a question of law. | *Russell v. Soldinger*, 131 Cal. Rpt. 145, 150 (1976). |
| 19.  In determining whether a contract violates public policy, the Court balances the interests of enforcing contracts with the public interests against enforcement. | *In re Marriage of Cauley*, 41 Cal.Rptr.3d 902, 905 (2006). |
| 20.  Under California law, "the judicial power to declare public policy in the context of contract interpretation and enforcement should be exercised with great caution." | *Id.* |
| 21.  California case law has repeatedly affirmed that "the power of the courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt." | *Id.* (citations omitted). |

Robison, Sharp, Sullison & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| 22.  Under California law, "a contract is a voluntary and lawful agreement, by competent parties, for good consideration, to do or not to do a specified thing." | *Robinson v. Magee*, 9 Cal. 81, 83 (1858). |
| 23.  A California nonprofit public benefit corporation has the power to enter into contracts. | Cal. Corp. Code § 5140. |
| 24.  Based on the contract's language, "where a contract can be performed legally it will not be presumed that the parties intended to perform it in an illegal manner." | *Vagim v. Brown*, 63 Cal.App.2d 504, 510 (1944). |
| 25.  The Court must assume that if a contract can be carried out by a legal method, "that such method was contemplated when the contract was made, and will be pursued." | *Id.* |
| 26.  Whether a contract is unconscionable is a question of law for the Court. | *American Software, Inc. v. Ali*, 46 Cal. App. 4th 1388, 1391 |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
Page | 13

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| | (1996). |
| 27.  Under California law, a contract is unconscionable where terms are unreasonably favorable to the more powerful party, including terms that impair the integrity of the bargaining process, or terms that seek to negate the reasonable expectations of the non-drafting party. | *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145 (2013). |
| 28.  Unconscionability refers to "an absence of meaningful choice on the part of one of the parties." | *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 910 (2015) (internal quotations omitted). |
| 29.  Unconscionability is not implicated by "a simple old-fashioned bad bargain;" unconscionability instead requires something "so one-sided as to 'shock the conscience.'" | *Id.* at 910–11. |
| 30.  Before a Court can refuse to enforce a contract under the doctrine of unconscionability, there must be both | *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th at 910. |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
Page | 14

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| procedural and substantive unconscionability. | |
| 31.  Procedural unconscionability addresses inequality of bargaining power, the take it or leave it contract, lack of any meaningful choice, and fine print terms hidden in the document. | *Id.* at 911, 914; *American Software, Inc. v. Ali*, 46 Cal. App. 4th at 1391. |
| 32.  Substantive unconscionability addresses extraordinarily oppressive terms and is examined using the 'shock the conscious' standard. | *American Software, Inc. v. Ali*, 46 Cal. App. 4th at 1391. |
| 33.  Substantive unconscionability requires a substantial degree of unfairness, "hence the various intensifiers . . . '*overly* harsh,' '*unduly* oppressive,' '*unreasonably* favorable.'" | *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th at 911. |
| 34.  A Court cannot void a contract as unconscionable "merely because the court believes the terms are unreasonable." | *American Software, Inc. v. Ali*, 46 Cal. App. 4th at 1391. |

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| 35.  Likewise, "[a] party cannot avoid a contractual obligation merely by complaining that the deal, in retrospect, was unfair or a bad bargain." | *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th at 911. |
| 36.  In *American Software, Inc.*, the California Court of Appeals found that an unfavorable term in an employment contract was a "far cry from" unconscionable because Petitioner: helped negotiate the terms; the terms were straightforward and easily comprehensible; was aware of the term and did not negotiate otherwise; had the benefit of counsel; and "the contract accurately reflect(ed) the reasonable expectation of the parties." | *American Software, Inc. v. Ali*, 46 Cal. App. 4th at 1391–92, 1394. |
| 37.  A private right of action does not accrue when the wrong allegedly suffered by Plaintiff is incidental to the wrong | *Rank v. Frebank Co.*, 47 Cal.App.3d 75, 95 (1975). |

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| suffered by the corporation; the corporation must itself bring the action, or a stockholder acting derivatively must bring the action. | |
| 38.  Members of a nonprofit corporation are equivalent to stockholders of a corporation. | 10 CCR § 50.4. |
| 39.  Where an injury is not to the individual, but to the corporation and stockholders collectively, a plaintiff cannot state a cause of action for damages peculiar to it. | *Anderson v. Derrick*, 220 Cal. 770, 774 (1934). |
| 40.  A cause of action alleging that a corporation suffered mismanagement is "purely derivative in nature." | *Id.* at 773–74. |
| 41.  In order to properly plead a member derivative claim, the Federal Rules of Civil Procedure require that a verified complaint: (1) allege plaintiff was a "member at the | FRCP 23.1(b). |

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| time the transaction complained of;" (2) allege the action is not collusive to confer jurisdiction that the court would otherwise lack; and (3) state with particularity "any effort by the plaintiff to obtain the desired action from the directors," and "the reasons for not obtaining the action or not making the effort." | |
| 42.  California law specifies exactly how a derivative claim shall proceed on behalf of a California nonprofit public benefit corporation. | Cal. Corp. Code § 5710 |
| 43.  Like FRCP 23.1, California law requires that a plaintiff allege it was a member at the time of the transaction, and allege the "efforts to secure from the board such action as plaintiff desires, or the reasons for not making such effort." | *Id.* at § 5710(b). |
| 44.  California law imposes an additional | *Id.* |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
Page | 18

Robison, Sharp,
Sullison & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

| | |
|---|---|
| requirement, that "plaintiff has either informed the corporation or the board in writing of the ultimate facts of each cause of action against each defendant or delivered to the corporation or the board a true copy of the complaint with plaintiff proposes to file." | |
| 45.  The elements of fraud are: (1) a false representation, (2) knowledge of its falsity, (3) intent to deceive another party thereto, (4) justifiable reliance, and (5) damage. | *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986); Cal. Civ. Code § 1572. |
| 46.  The elements of defamation are: (a) a publication that is (b) false, (c) defamatory, (d) unprivileged, and that (e) has a natural tendency to injure. | *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007). |
| 47.  In the tort of defamation, publication is communication to a third person who understands the defamatory meaning of the statement and its application to the person | *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999). |

KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

referenced within.

DATED this 25th day of June, 2018.

Respectfully submitted,

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada  89503


/s/ Lindsay L. Liddell
FRANK C. GILMORE
LINDSAY L. LIDDELL
Attorneys for Defendants/Counterclaimants,
Kathleen A. Bruner and Robert Bruner

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Robison, Sharp, Sullivan & Brust, and that on this date I caused to be served a true copy of **KATHLEEN A. BRUNER AND ROBERT BRUNER'S LOCAL RULE 56-1 STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

on all parties to this action by the method(s) indicated below:

_____ by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States mail at Reno, Nevada, addressed to:

Graham H. Norris, Jr., Esq.
Norris Law Group, P.C.
1156 S. State Street, Suite 204
Orem, Utah 84097
Attorney for Plaintiff

__✓__ by using the Court's CM/ECF Electronic Notification System addressed to:

Graham H. Norris, Jr., Esq.
Email: graham@norrislawyer.com
Attorney for Plaintiff

_____ by placing an original or true copy thereof in a sealed envelope for personal delivery/hand delivery of original addressed to:

_____ by facsimile (fax) addressed to:

_____ by Federal Express/UPS or other overnight delivery addressed to:

DATED: This 25th day of June, 2018.

*Mary Carroll Davos*